**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUN 28 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAURENCE FAULKS, | No. 17-15425 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-02871-MEJ |
| v. | |
| WELLS FARGO & COMPANY; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding

Argued and Submitted June 12, 2018
San Francisco, California

Before: SILER,** PAEZ, and IKUTA, Circuit Judges.

Laurence Faulks appeals the district court's entry of summary judgment in favor of Wells Fargo. After numerous unsuccessful attempts to obtain a loan modification from Wells Fargo, Faulks filed suit, alleging promissory estoppel,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

intentional and negligent misrepresentation, negligence, and intentional infliction of emotional distress claims.

Because Faulks failed to show that he acted in justifiable and reasonable detrimental reliance upon any promise by Wells Fargo, the district court properly granted summary judgment to Wells Fargo on Faulks's promissory estoppel claim. *See Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 792 (9th Cir. 2012). Similarly, Faulks's failure to put forward evidence creating a genuine issue of material fact as to reliance proves fatal to his intentional and negligent misrepresentation claims. *See Lazar v. Superior Court*, 49 Cal. Rptr. 2d 377, 380–381 (1996).

Faulks's negligence claim also fails. First, Faulks has failed to demonstrate a genuine issue of material fact as to whether his application for a loan modification was in active review at the time Wells Fargo foreclosed on his house. Second, even assuming lenders have a duty of care within the context of loan modifications, *see Alvarez v. BAC Home Loans Servicing, L.P.*, 176 Cal. Rptr. 3d 304, 310 (Ct. App. 2014), Faulks has not presented any evidence showing that, at the time foreclosure proceedings commenced, Wells Fargo was engaged in the sort of loan modification negotiations that would give rise to such a duty.

Last, because Faulks has not presented any evidence that Wells Fargo's actions exceeded all bounds of decency in a civilized society, the district court

2

correctly granted summary judgment to Wells Fargo on Faulks's intentional infliction of emotional distress claim. *Cf. Ragland v. U.S. Bank Nat'l Ass'n*, 147 Cal. Rptr. 3d 41, 59–60 (Ct. App. 2012).

**AFFIRMED.**